FILED

FEB 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

GREGORY BELL, et al.,

CASE NUMBER   1:07MС00077

JUDGE: ALAN KAY

DECK TYPE: Miscellanous

DATE STAMP: 02/23/2007

## MOTION FOR PROTECTIVE ORDER

DeCola Jones, a nonparty to the above-referenced matter, hereby moves this

Court to enter a protective order herein in regard to the Subpoena Duces Tecum

issued by attorney James Beane on behalf of Defendant Gregory Bell.  In support of

its Motion, Plaintiff relies upon the following:

1.    Fed. R. Crim. P. 16(d)(1);

2.    Fed. R. Crim. P. 17(c)(2);

3.    Fed. R. Crim. P. 47; and

4.    Statement of Points and Authorities in Support of Motion for Protective

Order.

Respectfully submitted,

MAGRUDER & ASSOCIATES, P.C.

BY:    /s/    Anne M. Magruder
       /s/    Michael J. Carmody, Esq.
       Anne M. Magruder          #265041
       Michael J. Carmody        #455703
       1889 Preston White Drive, Suite 200
       Reston, VA  20191
       (703) 766-4400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion for Protective Order, Statement of Points and Authorities in Support of Motion for Protective Order, and proposed Order was sent via first-class mail, postage prepaid, this 22nd day of February 2007 to James Beane, Esq., 2715 M Street, NW, Suite 200, Washington, DC 20001 (Counsel for Defendant Gregory Bell), with a copy to Glenn Leon, Assistant U.S. Attorney, United States Attorney's Office, 555 Fourth Street, N.W., Room 4112, Washington, DC 20530.

BY:    /s/    *Anne M. Magruder*

E49991.041

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No.: _____ |
| | ) |
| GREGORY BELL, et al., | ) |
| | ) |

## STATEMENT OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

De'Cola Jones ("Movant", who is a non-party to this case), has moved the court

to enter a protective order in regard to the Subpoena Duces Tecum in a Criminal Case

issued to Movant by counsel for Defendant Gregory Bell dated February 7, 2007

("Subpoena"), pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure for

the United States District Courts ("Rules"), as compliance with the Subpoena would

subject the subpoenaed party to an unreasonable, oppressive, and undue burden and

because the information sought by the Subpoena is irrelevant and private

(confidential) in nature.  The Subpoena issued by Beane should be rejected or limited

by the Court because the information sought is private and irrelevant, lacks the

specificity required under controlling law, and has no direct bearing on Defendant

Bell's ability to prepare for trial; rather, the information sought is speculative insofar as

Beane hopes to use the information to locate potential witnesses.  The Court should

not allow the abuse of discovery to effectuate a fishing expedition.

### BRIEF BACKGROUND

Counsel for Defendant Gregory Bell, James Beane, Esq. ("Beane"), issued the

above-referenced Subpoena Duces Tecum, dated February 12, 2007, which was

addressed as follows:

To:    De'Cola Jones
       Community Manager, Congress Park I & II Apts
       Edgewood Management
       1345 Savannah Street, SE
       Washington, DC 20032

On information and belief, an investigator employed by Beane attempted to hand-deliver the Subpoena Duces Tecum to Movant on February 7, 2007; however, that investigator did not deliver the Subpoena Duces Tecum to Movant but merely left it in a chair in the front of the rental office at Congress Park.[1] The Subpoena Duces Tecum sought to compel appearance and production of documents by Movant at 9:30 a.m. on February 13, 2007.[2] A copy of the Subpoena, including the attached List of Requested Documents is attached hereto as Exhibit 1 and incorporated herein by reference. The Subpoena was issued in regard to a criminal matter pending before this Court against Defendant Gregory Bell, and others, involving an organized criminal enterprise which stands charged with multiple counts of serious and violent felonies, including but not limited to murder.

Movant is the Community Manager (landlord's agent) for Congress Park Apartments ("Congress Park"), an apartment complex located in Southeast D.C. that is managed by Edgewood Management Corporation ("Edgewood"). Movant started working at Congress Park in April 2005 – **long after** the occurrence of the events

---

[1] Movant has previously filed a Motion to Quash Subpoena Duces Tecum with respect to the Subpoena, based in part upon improper service; that Motion is still ripe for decision by this Court. All of the arguments made in that separate Motion to Quash are hereby incorporated herein by reference.
[2] The deadline set by Beane to comply with the Subpoena allows a mere three (3) working business days to respond; the only business days available to Movant to comply with the Subpoena were February 8, 9 & 12. During that time period, undersigned counsel for Movant filed the Motion to Quash, which the Court has not ruled upon. Movant did not appear in Court on February 13, 2007 based upon the Motion to Quash and based upon the fact that she has not control over the documents requested by

leading to the criminal charges against Defendant Gregory Bell. <u>Movant is not the custodian of books and records for Congress Park or for Edgewood</u>; Movant does not have <u>any</u> authority to remove corporate books and records relating to Congress Park and/or Edgewood for any purpose. Moreover, Movant has no personal knowledge of the criminal events that lead to the charges against Defendant Gregory Bell. Nevertheless, Beane expects that Movant has information that will be useful to his defense of Defendant Gregory Bell insofar as Movant might be able to identify a person who has personal knowledge.

## LEGAL STANDARD

Rule 17 of the Federal Rules of Criminal Procedure ("Rules") is not intended to operate as a discovery device but simply is meant "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." <u>See</u> <u>United States v. Libby</u>, 432 F. Supp. 2d 26, 30 (D.D.C. 2006); <u>United State v. Nixon</u>, 418 U.S. 683, 698-99 (1974). Rule 16 provides in pertinent part that with respect to regulating discovery, "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. . . ." Fed. R. Crim. P. 16(d)(1). Rule 17 provides that "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

In considering this standard, the courts have generally followed the test expressed in <u>United States v. Iozia</u>, 13 F.R.D. 335, 338 (S.D.N.Y. 1952). The <u>Iozia</u>

---

Beane.

test requires a party seeking a subpoena duces tecum to show the following: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a 'fishing expedition.' See Cooper v. United States, 353 A.2d 696, 701 (D.C. 1975) (applying the Iozia test).

The Supreme Court, in United States v. Nixon, discussed the Iozia standard and then apparently refined it by identifying three hurdles to show good cause under Rule 17(c):  (1) relevancy; (2) admissibility; and (3) specificity.  418 U.S. at 700.  In United States v. Libby, this Court repeated the Supreme Court's formulation and explained that a "subpoena that fails to satisfy these three requirements will be deemed unreasonable or oppressive and must either be quashed or modified."  432 F. Supp. 2d at 31.

The Court has stated that limiting discovery is appropriate when the burden of providing the documents outweighs the need for it.  Wyoming v. U.S. Department of Agriculture, 208 F.R.D. 449, 452 (D.D.C.2002).   Undue burden is determined by reference to factors such as "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Flatow v. Islamic Republic of Iran, 196 F.R.D. 203, 206-07 (D.D.C.2000).

## ARGUMENT

The Subpoena Duces Tecum (hereinafter, "Subpoena") issued by Beane includes a List of Requested Documents that includes a request number (1) seeking the following information, generally, in regard to various <u>partially-disclosed</u> tenants, former tenants, and employees (past and/or present) at Congress Park, as well as third party contractors and vendors that Movant <u>may</u> have done business with:

> Information for the following people and/or apartments, including but not limited to: dates of birth; social security numbers; emergency contact information; forwarding addresses and phone numbers; all information on employment; all information on relatives; all notes, reports, memorandum and other documents detailing rental violations, disputes, complaints, law enforcement interactions, lawsuits, and allegations; and any and all information on business relationships or other relationships, including but not limited to: contracts, agreements, proposal, negotiations, notes, memos, letters, emails, files, time cards, W-2 Forms, tax documents, contact information and any and all documents.

<u>See</u> List of Requested Documents attached to Subpoena.  The remainder of the List of Requested Documents goes on to list approximately eighteen (18) categories of persons or entities and to provide scant information from which a person or party responding to the Subpoena could respond.  Of the eighteen categories, there is no time period prescribed for response, meaning that the respondent would have to provide a response covering all of time unless the Court orders a limited response.

Movant's employer in the business of property management and is subject to various laws pertaining to confidentiality of personal information and tenant records.  Despite the fact that <u>Movant is not a custodian of the books and records of Edgewood and/or the owners of Congress Park</u>[3], Movant and Edgewood must abide by all

---

[3] For this reason alone, the Subpoena should be quashed or modified – Movant cannot comply with it

applicable privacy laws when dealing with tenants' documents and personal information and cannot simply hand over the information without informing the tenants that such information has been requested and allowing the tenants the opportunity to object to the disclosure of such information.  Thus Edgewood sent a short letter to each listed address and each person named in the subpoena who was actually a current resident at Congress Park, stating that the Subpoena had been issued and requesting that the tenants send their objections to the subpoena directly to Edgewood.  Redacted copies of eight (8) such letters sent by Edgewood to the tenants are attached hereto collectively as Exhibit 2 and incorporated herein by reference.  Edgewood then received objections from six (6) of the listed tenants, each stating that they did not want their personal information disclosed.  Redacted copies of the letters received by Edgewood are attached hereto collectively as Exhibit 3 and incorporated herein by reference.

As a landlord, Movant's employer collects private credit information about tenants (including credit reports) – information that is restricted by federal privacy law and by DC laws from being disclosed without the consent of each tenant or upon receipt of a properly issued and properly served subpoena.  See generally, 15 U.S.C.A. § 1681, et seq. (2003) (containing the text of the Fair Credit Reporting Act); D.C. Code § 42-1703 (2001) ("A Licensee engaged to manage real estate shall . . . [m]aintain confidentiality of all personal and financial information received from the client . . . .") (emphasis added); D.C. Code § 47-2853.193 ("A Licensee engaged by a

---

because she lacks authority to remove documents and information from those corporate books and

landlord to lease property shall . . . [m]aintain confidentiality of <u>all</u> personal and financial information received from the client . . . .") (emphasis added); <u>see also</u>, 15 U.S.C.A. § 1681m (containing the text of the Fair and Accurate Credit Transactions Act of 2003).

Such information as collected could include social security numbers, employment verification (including salary information), employment history, emergency contact information, names and addresses of relatives, marital status, and educational background. Movant's employer <u>does not</u> and will not release any portions of tenant files to third parties except pursuant to court order or with the consent of the affected tenant(s)/ employee(s). If Movant did release its tenants' and employees' social security numbers, emergency contact information, spousal/marital status information, information regarding tenants' and employees' <u>relatives</u> (to include their social security numbers, etc.), tax documents, and law suits without the consent of the affected tenant(s)/employee(s) and/or without a court order directing Movant[4] and/or Edgewood to do so, Movant would expose herself and Edgewood to liabilities, especially if disclosure of that information lead to personal injury (including death) or property damage involving any of the subjects of the released information.

Movant believes that her employer would release such private credit-related information regarding its tenants and employees if done pursuant to a court order; however, Movant and Edgewood both believe that release of specific information in

---

records.
[4] It bears repeating that Movant is not a custodian of the books and records with respect to Congress Park; accordingly, she cannot produce the documents sought by Beane's Subpoena Duces Tecum.

response to the Subpoena should be limited both in terms of the content released and in terms of the persons who are authorized to have access to and use the released information.

Movant further believes that the Iozia test and hurdles established by Nixon support limiting disclosure of information in Movant's possession.  Specifically, Beane has requested social security numbers, emergency contact information, forwarding address information and phone numbers, all information on employment, and all information on relatives of the persons or entities listed in the List of Requested Documents.  Movant sees no relevance to disclosure of any of this information.  The relevance prong of Nixon "requires the Court to assess whether the documents sought have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probably than it would without the evidence.'"  Libby, 432 F. Supp. 2d at 31 (quoting Federal Rule of Evidence 401).

There is no basis for requiring a non-party to this matter to provide personal contact and identifying information for partially-disclosed tenants, former tenants, and employees (past and/or present) at Congress Park, as well as third party contractors and vendors that Movant's employer may have done business with, to a defendant on trial for multiple violent acts, including murder.  The Subpoena issued in behalf of Defendant Bell goes yet another step over the line in seeking similar personal information for relatives of those partially-disclosed tenants, former tenants, and employees (past and/or present) at Congress Park.  The mere fact that there could be potential witnesses with relevant information available to Defendant Gregory Bell does

not justify <u>requiring</u> Movant and/or Edgewood to provide private, confidential, and/or financial information on other third parties.  For example, providing Beane with the names of current residents for some apartments at Congress Park and/or their social security numbers and/or the employment histories and/or the personal information of their relatives has <u>no tendency</u> to make the existence of any fact that is of consequence to the issue of Defendant Gregory Bell's guilt or innocence more probable or less probable[5]; Beane is trying to use the information sought via the Subpoena as a means to an end – he does not want the information demanded through the Subpoena but rather wants to use that information to develop what <u>could be</u> relevant.

In regard to financial records of non-parties, a subpoena duces tecum seeking their private financial records is "unreasonable and oppressive and against those persons' right of privacy and right to keep confidential their financial affairs."  62A Am. Jur. 2d Privacy § 54 (citing <u>Hecht v. Pro-Football, Inc.</u>, 46 F.R.D. 605, 13 Fed. R. Serv. 2d 1123 (D.D.C. 1969)).  In <u>Hecht</u>, this very Court wrote:

> It will be noted that these requests seek private financial records of persons who are not parties to this action. . . . The right of privacy and the right to keep confidential one's financial affairs is <u>well recognized</u>.  It seems to be part of human nature not to desire to disclose them.  It is not privileged matter in the legal sense of the term, but even if the information is not privileged, and it is not, it still may be oppressive or unreasonable to require disclosure . . . .
> Modern civil procedure in the Federal courts contemplates liberal disclosure.

---

[5] Beane should not be heard to argue that the mere possibility of identification of fact witnesses through use of any information produced by Movant or Edgewood means that he has met the requirement of showing a tendency as would support requiring production by a third party <u>unless</u> he can simultaneously tell the Court what that potential witness knows and recalls regarding the allegations.  Otherwise, the Court may as well allow Beane to issue a subpoena duces tecum to every person alive, for it is possible that those people know something that might be exculpatory.

> Discovery is in the interest of justice. Nevertheless, discovery is not unbridled and not unlimited. There must be restrictions to protect individuals in their natural privacy.

46 F.R.D. at 607.

For example, insofar as the Subpoena requests tenant information regarding persons who were not tenants at the time of the alleged criminal activity,[6] it appears unlikely that the request for production of materials with respect to such tenants is relevant and/or is necessary to permit Beane to prepare for trial. Information about these residents and their tenancies is completely irrelevant to the matter at hand. Moreover, to request Movant and her employer to disclose not only the personal information of those tenants (again, the ones who were not tenants at the time of alleged criminal activity) but also personal information regarding the relatives and employers of those former tenants is obviously nothing more than a fishing expedition by Beane and/or an opportunity to harass, oppress, and frighten such persons.

In the instant case involving Movant and Edgewood, Beane's requests would fail the Iozia test both in regard to relevance and due to the fact that some information is otherwise procurable by Beane in advance of trial by exercise of due diligence. Moreover, Beane has made no showing to Movant, Edgewood, or this Court that the documents and information requested are needed to properly prepare for trial, that the request for production is made in good faith, or that this is anything other than a fishing expedition by Beane. Movant and her employer's tenants and employees have justifiable fear for their personal safety due to the nature of the alleged criminal activity

---

[6] It is important to note that Movant herself was not involved with Congress Park until long after the acts

in this matter; that fear seems justified given the nature of the charges against the Defendants and the allegations of murder, racketeering, distribution of narcotics, and/or other violent/dangerous crimes against persons. That fear certainly supports limiting disclosure of information and material that could cause harm to persons even if some of the material could actually assist Beane in representing his client; the fear also supports restricting the persons who are able to review the released information.

As described above, in addition to being relevant, a request for information must be specific. Defendant Gregory Bell seeks "all information on employment" and "any and all information on business relationships or other relationships . . . and any and all documentation. Neither Movant/Edgewood nor this Court can properly evaluate what Defendant Bell is seeking regarding such requests. The law does not tolerate such requests: "if the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." Libby, 432 F. Supp. 2d at 31 (internal citations omitted).

Defendant Bell's requests are not tailored to obtain relevant information that is necessary to expedite trial by providing a time and place for the inspection of subpoenaed materials, as the Rules intended. See Libby, 432 F. Supp. 2d at 30; Nixon, 418 U.S. at 698-99. Rather, they seek irrelevant information and lack specificity, failing to clear two of the hurdles set forth in Nixon. They are the epitome of a fishing expedition. See Iozia, 13 F.R.D. at 338. These irrelevant and overbroad

---

underlying the criminal charges at issue in this case were committed.

requests make it impossible for this Court to even analyze whether they clear the final hurdle of <u>Nixon</u>: that the information is admissible at trial.

Thus Movant and Edgewood move for a protective order not only to prevent release of confidential credit and financial information but also to protect innocent third parties who are not represented by counsel in regard to this matter and who do not have adequate resources or opportunities to voice directly to this Court their fear for their lives and personal safety. <u>Any</u> disclosure to Beane of information providing his client(s) with access to personal information regarding these innocent third parties could expose those persons to criminal acts, intimidation, harassment, and/or physical harm; as a result, this Court should limit disclosure of such information only upon a showing by Beane that the information sought is <u>actually relevant now</u> rather than potentially relevant if he was permitted to continue with a fishing expedition tailored in response to what Movant is required to discuss.[7]

By way of example, <u>Beane has made no showing to the effect that records maintained by Movant in regard to the following persons contain relevant, specific, and admissible information</u>:

(a)    <u>Gregory Bell</u> (Beane requests any and all documents and information relating to his client): All such information should be procurable reasonably in advance of trial by exercise of due diligence by Beane, as his client would have such information.

(b)    <u>Rene Cunningham</u> (Beane listed a possible address for the time period

---

[7] Again, Movant herself has no records responsive to Beane's requests and has no authority to produce

12

1991-1992 and asserts that Rene Cunningham moved from Congress Park in 1998-1999):  At no time does Beane provide a social security number to distinguish this particular individual from any other tenant having the same name.

     (c)    <u>1303 Congress Street, Unit #30, SE, WDC</u> (Beane limits the inquiry to June 2000 and asks for a copy of the lease and rental agreement in effect at that time along with an identification of the current resident):  Beane has made no showing that there even was a lease for this unit in June 2000, has failed to show how release of that lease would be relevant, and has failed to show how identification of the current resident is relevant or will assist Beane in preparation for trial.  Furthermore, on information and belief, the address 1303 Congress Street located in Southeast Washington, D.C. is <u>not</u> part of Congress Park and is not managed by Movant.

     (d)    <u>Gail Parson</u> (Beane provided a social security number and date of birth): Beane has made no showing that there ever was a tenant or employee by the name of Gail Parson and has failed to show how release of information pertaining to this individual would be relevant.

     (e)    <u>Toya Gibbs</u> (Beane provides absolutely <u>no</u> information about this person from which Movant could distinguish the intended target from any other person): There has been no showing as to how release of information regarding this partially-disclosed person would be relevant.

     (f)    <u>3401 13th Place, SE, Unit #103</u> (Beane limits the inquiry to July 27, 2000 and asks for a copy of the lease and rental agreement in effect at that time along with

---

documents on behalf of Edgewood or the owners of Congress Park.

an identification of the current resident):  Beane has made no showing that there even was a lease for this unit on July 27, 2000, has failed to show how release of that lease would be relevant, and has failed to show how identification of the current resident is relevant or will assist Beane in preparation for trial.

(g)    Charlette O'Brien (Beane indicates that this person may have moved out on April 15, 2004 and may have resided at 1326 Congress St., SE, #6):  Beane has made no showing that there ever was a tenant or employee by the name of Charlotte O'Brien and has failed to show how release of information pertaining to this individual would be relevant.

(h)    1330 Congress St., SE, Unit #5 (Beane limits the inquiry to April 4, 2004 and asks for a copy of the lease and rental agreement in effect at that time along with an identification of the current resident):  Beane has made no showing that there even was a lease for this unit on April 4, 2004, has failed to show how release of that lease would be relevant, and has failed to show how identification of the current resident is relevant or will assist Beane in preparation for trial.

(i)    Mary M. McClendon (Beane provides only a date of birth):  Beane has made no showing that there ever was a tenant or employee by the name of Mary M. McClendon and has failed to show how release of information pertaining to this individual would be relevant.  Furthermore, on information and belief, Mary M. McClendon is a co-defendant to this action and is represented by counsel, and Movant requests that the Court direct Beane to address discovery issues pertaining to Mary M. McClendon to counsel for Mary M. McClendon.

14

(j)    3408 13th Place, SE, Unit #204 (Beane limits the inquiry to October 4, 2004 and asks for a copy of the lease and rental agreement in effect at that time): Beane has made no showing that there even was a lease for this unit on October 4, 2004 and has failed to show how release of that lease would be relevant.

(k)    Edgewood Management Employee Pete Clark (Beane indicates that this person was employed in 2000-2004, perhaps at the rental office or as grounds manager, and states that he was the supervisor for Gregory Bell):  On information and belief, Pete Clark is represented by counsel, Daniel Marino (1275 Pennsylvania Avenue, NW, Washington, DC  20004-2415 ((202) 383-0162)), and Movant requests that the Court direct Beane to address discovery issues pertaining to Pete Clark to counsel for Pete Clark.  Furthermore, Beane has failed to demonstrate how release of any information pertaining to Pete Clark would be relevant.

(l)    Continental Pools; Hamel Construction; Eagle Technologies/Security; and Edgewood Security Management (Beane seeks disclosure regarding contacts with these companies by Movant as well as contact information for the companies): Movant would not object to disclosure of such information pertaining to third party corporate vendors or contractors provided the response is limited in time.

(m)    Other Businesses Edgewood Management May Have Interacted With (Beane lists five (5) businesses but states that the request is not limited to those five):  This request is certainly over broad, unreasonable, and oppressive.  By this request, Beane has requested disclosure of every business transaction – both consummated transactions and merely contemplated transactions (to the extent those contemplated

15

transactions involved an "interaction") – with any and all businesses for all of time. Again, there is no showing of relevance by Beane.

(n)    Edgewood Management Employee: Bonnie Williams (Beane provides absolutely no information about this person from which Movant could distinguish the intended target from any other person):  There has been no showing as to how release of information regarding this partially-disclosed person would be relevant.

(o)    Shooting, Murders, Etc. (Beane requests information pertaining to "all incidents of shootings, murders, or other acts of violence in the Congress Park housing that is under Edgewood Management and that there would be records for such incidents for the period 2000 to 2004"):  This request is certainly over broad, unreasonable, and oppressive.  By this request, Beane has requested disclosure of every act of violence[8] ever committed at Congress Park for all of time.  Certainly, Beane could obtain information of this nature from police reports for the property and could then limit his request to any acts or violations that may actually be relevant, if any, to this trial.

The subpoena is also unduly burdensome and oppressive due to the extent and nature of the documents requested.  Movant, who is not a custodian of the books and records for the ownership and property management interests of Congress Park, knows that various records that could be responsive to Beane's requests are stored in numerous sites, including files at Congress Park, files at the main corporate offices of

---

[8] At no time does Beane define what he would consider or have this Court consider to be an "act of violence."  For example, while an incident involving alleged spousal abuse could constitute an "act of violence," there is no showing by Beane how a single incident of spousal abuse – perhaps one involving

Edgewood Management Corporation, and perhaps with a third party long-term storage
facility,  Movant understands that there are thousands of pages of documents to
review in preparation of a response to the Subpoena.  All work performed by Movant
in response to the Subpoena would be at Movant's expense and would have to be
performed while she functions as the full-time property manager for a large residential
complex.  In addition, Movant could incur thousands of dollars in attorneys' fees in
seeking to limit responses to the Subpoena – legal fees that will not be recovered by
Movant.  Most importantly, however, Movant <u>does not</u> have custody or control of the
documents sought by Beane and is not a custodian of those records.  Movant is
without any authority to provide Beane with such material.

---

a tenant at Congress Park -- would be relevant to his defense of Gregory Bell.

17

## CONCLUSION

The Subpoena's request is far too broad, and does not specify any individual documents or items to be produced, but instead lists broad, generalized categories of information, targeting partially-disclosed persons and seeking to force release of financial information and credit information that is protected under Federal and state privacy laws.  The Subpoena should be revised and the response to the Subpoena limited pursuant to the attached Protective Order because the Subpoena seeks release of information that is protected under privacy laws, and because the Subpoena's overly broad requests for irrelevant, vague, and generalized information impose an unreasonable, oppressive, and undue burden on Movant for the reasons stated herein, including, but not limited to, the failure of the requests to pass over the hurdles set forth in Nixon, which this Court has determined to mandate that the subpoena either be quashed or modified.  See Libby, 432 F. Supp. 2d at 31.

Respectfully submitted,

MAGRUDER & ASSOCIATES, P.C.

BY:    /s/    Anne M. Magruder
       /s/    Michael J. Carmody, Esq.
       Anne M. Magruder          #265041
       Michael J. Carmody        #455703
       1889 Preston White Dr., Ste 200
       Reston, VA 20191
       (703) 766-4400

E49991.042

18

89 (Rev. 11/91) Subpoena in a Criminal C

# United States District Court

──────── DISTRICT OF ────────

IN FORMA PAUPERIS                    DUCES TECUM

**UNITED STATES OF AMERICA**              **SUBPOENA IN A**
**CRIMINAL CASE**

**V.**

ANTWUAN BALL, et al.              **CASE NUMBER:** CR 05-100 (03)

**TO:**  De'Cola Jones
     Community Manager, Congress Park I & II Apts
     Edgewood Management
     1345 Savannah Street, SE
     Washington, DC 20032       (202) 574-4633

☒ **YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time**
**specified below to testify in the above case.**

| PLACE | COURTROOM |
|---|---|
| The United States District Court for the District of Columbia 333 Constitution Avenue, N.W. Washington, D.C. 20001 | Judge Roberts #22-A |
| | **DATE AND TIME** February 13, 2007 at 9:30 AM |

☒ **YOU ARE ALSO COMMANDED to bring with you the following document(s) or objects(s):**

**PLEASE SEE ATTACHED LIST OF DOCUMENTS**


EXHIBIT
1

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON | |
| (By) Deputy Clerk | 02/07/2007 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

James Beane, Esq. 2715 M Street, NW, Ste 200, WDC 20001 (202) 333-5905

## RETURN OF SERVICE [1]

| RECEIVED BY SERVER | DATE | PLACE | |
|---|---|---|---|
| SERVED | DATE 2/7/07 | PLACE EDGEWOOD MANAGEMENT RENTAL OFFICE 1345 SAVANNAH ST, SE WDC 20032 | |

**SERVED ON (PRINT NAME)**

DE'COLA JONES

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| JOSEPH H. ARONSTAMN | INVESTIGATOR |

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER [2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service is true and correct.

Executed on ___2/7/07___
          **Date**

___Joseph H. Aronstam___
**Signature of Server**

___1713 M ST, NW #218 WDC 20036___
**Address of Server**

**ADDITIONAL INFORMATION**

DE'COLA JONES REFUSED TO ACCEPT SUBPOENA AND STATED THAT SHE WILL NOT COME TO COURT. SUBPOENA WAS PLACED ON A CHAIR IN FRONT OF HER AND WITNESSES IN THE OFFICE OBSERVED THIS

(1) As is who may serve a subpoena and the manner of its service see Rule 17 (d)., Federal Rules of Criminal Procedure, or Rule 45 ©, Federal Rules of Civil Procedure.
(2) "Fees and mileage may not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45 (c). Federal Rules of Civil Procedure Rule 17 (d), Federal Rules of Criminal Procedures or on behalf of certain indigent parties and criminal Defendants who are unable to pay such costs (28 USC 1025, Rule 17 (b) Federal Rules of Criminal Procedures)"

## LIST OF REQUESTED DOCUMENTS
### AN ATTACHMENT TO FEDERAL SUBPOENA
### CASE NUMBER: CR 05-100 (03)
Served by Joseph H. Aronstamn, Private Investigator
Records to Be Obtained From
Edgewood Management
Subpoena dated 02/07/07

As stated in the federal subpoena, "You are commanded to bring with you the following documents(s) or objects(s):"

1. **Information for the following people and/or apartments, including but not limited to:**
    1.1. **Dates of Birth**
    1.2. **Social Security Numbers**
    1.3. **Emergency contact** information
    1.4. **Forwarding addresses and phone numbers**
    1.5. **All information on employment,** including but not limited to, name, address and telephone number of employer and dates of employment.
    1.6. **All information on relatives,** including but not limited to, names, addresses and telephone numbers, dates of birth, social security numbers, spouses, employment, schools, etc.
    1.7. **All notes, reports, memorandum and other documents detailing rental violations, disputes, complaints, law enforcement interactions, lawsuits, and allegations.**
    1.8. **Any and all information on business relationships or other relationships,** including but not limited to; contracts, agreements, proposals, negotiations, notes, memos, letters, emails, files, time cards, W-2 Forms, tax documents, contact information and any and all documentation

2. **GREGORY BELL**
    2.1. Any and all records regarding Gregory Bell, including but not limited to;
        2.1.1. Employment records
        2.1.2. Proposals of business models submitted to Edgewood
        2.1.3. Involvement in any companies, organizations or other entities contracted or having business dealings with Edgewood Management
        2.1.4. Any notes, reports, memos or other materials

3. **RENE CUNNINGHAM**
    3.1. Resided at 1331 13th Pl, SE #202 in 1991/1992.
    3.2. Moved from Congress Park in 1998/1999

4. **1303 CONGRESS ST, UNIT #30, SE WDC**
    → 4.1. For the time period of June 2000
    4.2. Also provide copy of LEASE and RENTAL AGREEMENT for June 2000
    4.3. Who resides there now?

5. **GAIL PARSON**
    5.1. DOB: 8/12/60
    5.2. SSN: 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

6. **TOYA GIBBS**

**AN ATTACHMENT TO FEDERAL SUBPOENA; CASE NUMBER: CR 05-100 (03)**
Page 2 of 3

7.  **3401 13TH PL, SE UNIT #103**
    7.1.  For the time period July 27, 2000
    7.2.  Also provide copy of LEASE and RENTAL AGREEMENT for July 27, 2000
    7.3.  Who resides there now?

8.  **CHARLETTE O'BRIEN**
    8.1.  Moved out on 4/15/2004
    8.2.  May have resided at 1326 Congress St. SE #6

9.  **1330 CONGRESS ST, SE, UNIT #5**
    9.1.  For the time period April 4, 2004
    9.2.  Also provide copy of LEASE and RENTAL AGREEMENT for the time period 4/4/04
    9.3.  Who resides there now?

10.  **MARY M. MCCLENDON**
    8.1  Date of Birth: 01/12/1952

11.  **3408 13TH PL, SE UNIT #204**
    9.1  For the time period October 4, 2004
    9.2  Also provide copy of LEASE and RENTAL AGREEMENT for period 10/04/04

12.  **EDGEWOOD MANAGEMENT EMPLOYEE W/FIRST NAME "PETE"**
    12.1.  This employee's first name was/is Pete
    12.2.  He worked there approximately 2000-2004
    12.3.  Possibly manager at rental office? Possibly grounds manager?
    *12.4.  Supervisor for Gregory Bell*

13.  **CONTINENTAL POOLS**
    13.1.  Information on contacts with this company by Edgewood Management
    13.2.  Contact information for this company

14.  **HAMEL CONSTRUCTION**
    14.1.  Information on contacts with this company by Edgewood Management
    14.2.  Contact information for this company

15.  **EAGLE TECHNOLOGIES /SECURITY**
    15.1.  Information on contacts with this company by Edgewood Management
    15.2.  Contact information for this company

16.  **EDGEWOOD SECURITY MANAGEMENT**
    16.1.  Security contract through Antwuan Ball's organization.

17.  **OTHER BUSINESSES EDGEWOOD MANAGEMENT MAY HAVE INTERACTED WITH (Including but not limited to the following)**
    17.1.  Making a Neighborhood Network
    17.2.  Changing Neighborhoods into Communities,
    17.3.  Capital Area Food bank
    17.4.  Kimsey Foundation
    17.5.  Step Foundation



AN ATTACHMENT TO FEDERAL SUBPOENA; CASE NUMBER: CR 05-100 (03)
Page 3 of 3

## 18. EDGEWOOD MANAGEMENT EMPLOYEE: BONNIE WILLIAMS

## 19. SHOOTINGS, MURDERS, ETC.
    a.  Any and all incidents of shootings, murders, or other acts of violence in the Congress Park housing that is under Edgewood Management and that there would be records for such incidents for the time period 2000 to 2004.



# Congress Park Plaza

**EXHIBIT**

**2**

<u>**VIA FIRST-CLASS MAIL**</u>

December 21, 2006

1326 Congress Street, SE
Washington, DC 20032

Re:    **SUBPOENA DUCES TECUM**
        <u>**Case No: CR 05-100**</u>

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park"). Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena. Please contact the management office to state any and all objections to the subpoena by December 26, 2006. Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:    Magruder & Associates, P.C.
E49991.018

1345 Savannah Street SE, Washington, D.C. 20032 • (202) 574-4633 • Fax (202) 574-1397

 **Congress Park Plaza**

**VIA FIRST-CLASS MAIL**

December 21, 2006

1326 Congress Street, SE
Washington, DC 20032

Re:    **SUBPOENA DUCES TECUM**
       Case No: CR 05-100

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park"). Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena. Please contact the management office to state any and all objections to the subpoena by December 26, 2006. Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____

De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:    Magruder & Associates, P.C.
E49991.018



# Congress Park Plaza

**VIA FIRST-CLASS MAIL**

December 21, 2006

██████████

1330 Congress Street, SE #5
Washington, DC 20032

Re:   **SUBPOENA DUCES TECUM**
      Case No: CR 05-100

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park"). Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena. Please contact the management office to state any and all objections to the subpoena by December 26, 2006. Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
     De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:   Magruder & Associates, P.C.
E49991.018

  1345 Savannah Street SE, Washington, D.C. 20032 • (202) 574-4633 • Fax (202) 574-1397



# Congress Park Plaza

**VIA FIRST-CLASS MAIL**

December 21, 2006

3406 13th Place, SE
Washington, DC 20032

Re:    **SUBPOENA DUCES TECUM**
       Case No: CR 05-100

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park"). Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena. Please contact the management office to state any and all objections to the subpoena by December 26, 2006. Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:    Magruder & Associates, P.C.
E49991.018



# Congress Park Plaza

**VIA FIRST-CLASS MAIL**

December 21, 2006

3406 13th Place, SE
Washington, DC 20032

Re:   **SUBPOENA DUCES TECUM**
      Case No: CR 05-100

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park"). Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena. Please contact the management office to state any and all objections to the subpoena by December 26, 2006. Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
    De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:   Magruder & Associates, P.C.
E49991.018

1345 Savannah Street SE, Washington, D.C. 20032 • (202) 574-4633 • Fax (202) 574-1397

 **Congress Park Plaza**

**VIA FIRST-CLASS MAIL**

December 21, 2006

3408 13th Place, SE #204
Washington, DC 20032

Re:    **SUBPOENA DUCES TECUM**
       Case No: CR 05-100

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park").  Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena.  Please contact the management office to state any and all objections to the subpoena by December 26, 2006.  Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:    Magruder & Associates, P.C.
E49991.018

1345 Savannah Street SE, Washington, D.C. 20032 • (202) 574-4633 • Fax (202) 574-1397

 **Congress Park Plaza**

**VIA FIRST-CLASS MAIL**

December 21, 2006

1333 Savannah Street, SE
Washington, DC 20032

Re:   **SUBPOENA DUCES TECUM**
      Case No: CR 05-100

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park").  Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena.  Please contact the management office to state any and all objections to the subpoena by December 26, 2006.  Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
      De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:   Magruder & Associates, P.C.
E49991.018

 **Congress Park Plaza**

**VIA FIRST-CLASS MAIL**

December 21, 2006

3401 13th Place, SE #103
Washington, DC 20032

Re:  **SUBPOENA DUCES TECUM**
     Case No: CR 05-100

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park").  Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena.  Please contact the management office to state any and all objections to the subpoena by December 26, 2006.  Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:   Magruder & Associates, P.C.
E:49991.018

EXHIBIT
3

To Whom it MAY CONCERN:

I recieved a summons for information
RELEASED ON PERSONS who have
Resided at MY RESIDENCE.

I ████████████ chose not to
RELEASE information on
Myself however I will RELEASE
information on my SONS who
PREVIOUSLY resided with me

████████████ ████████

████ Forwarding Address
████████████

████ ████ ████
Forwarding ADDRESS
████████████

12/21/06

To Whom it May Concern
I Am writing this letter to
say that I don't NO Nothing
about this case, and I don't
want Nobody with my Infor-
mation under NO circumstances
If there are any question Con[...]

Dec 22, 06
3406 - 13th pl SE ██████
DC 20032 ██████

To Whom it may Concern

I ██████ ██████ Cannot
attend Court Because of my
trouble of High Blood pressure and
I'm a kind of Life machine and
can not walk like I want to
and I don't know the Person
you are talking about I am
██████ at this time of my
Aide I'm in to the daily
care that I receive in my
██████ and my doctor's told me ██████
██████

P.S With the medicine I take
it make me sleep.

① Glipizide
② Lisinopril HCTZ
③ Lisinopril

December 21, 2006

To whom it may concern,

My name is ███████████

I reside at 1330 Congress St
SE ██ Washington D.C. 20032.

I moved into my apartment
June 1, 2006. I did not no previous
occupants nor did I no the defendants.

I have no knowledge of any of said
proceedings and can be of no help
at all in any of your court situation.

Thank you

███████████████

Dec 21, 2006

Mead

12:26:06

To Whom It May Concern.

I ████████ have

No Knowledge of who this

Antwan Ball person is never

seen him Never even heard of

him until the U.S. Marshalls

showed up at my door

1326 Congress St. SE ████ Wash. DC

20032  Looking for him. He

does Not reside with me and

my 6 Children ████████████
████████████████████████████
████████████████████████████

I ████████████ resident of
3406 13th PL S E # ████ hereby formally
deny the request for all records in regards
to my tenancy at the above stated
address for criminal case CR05-100
as request by subpoena